IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

(Fort Myers)

PHYLLIS BOLTON

CASE NO.: 2:12-cv-273-FtM-99SPC

          Plaintiff,

vs.

LOWE'S HOME CENTERS, INC., a foreign
Corporation,

          Defendant.
_____/

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff, PHYLLIS BOLTON, by and through undersigned counsel, files this First Amended Complaint as directed by this Court's June 22, 2012 Order [DE 11], bringing this action against the Defendant, LOWE'S HOME CENTERS, INC., hereinafter referred to as "LOWE'S", and alleges as follows:

### I.    PARTIES AND NATURE OF THE ACTION

1.    Plaintiff, PHYLLIS BOLTON is domiciled in Twinsburg, Summit County, State of Ohio.

2.    At all times material hereto, Defendant, LOWE'S, is a corporation organized and incorporated under the laws of North Carolina with its principal place of business at 1000 Lowe's Blvd., Mooresville, North Carolina 28117.

3.    This is an action for personal injuries based on the negligence of the Defendant.

4.    Jurisdiction is based upon 28 U.S.C. §1332, diversity of citizenship because Plaintiff is a citizen of Ohio and Defendant is a North Carolina corporation.

5.    Venue in the Middle District of Florida is proper under 28 U.S.C. §1391

because the accident occurred in the Middle District of Florida.

6. This is an action for damages in excess of $75,000. Specifically, Plaintiff alleges she fell on November 13, 2010 at LOWE's and suffered a left hip femoral neck fracture, displaced. As a result, Plaintiff underwent a surgical repair of the injury, namely a left total hip arthroplasty, on November 16, 2010 at Naples Community Hospital by surgeon Thomas Parent, M.D. The medical charges for the care at Naples Community Hospital alone are in excess of $55,000 and the charges for the surgeon, Thomas Parent, M.D. are in excess of $6,000. Based upon the nature of the injury and the cost of the associated medical care, the action seeks damages well in excess of $75,000.

## II.   FACTS COMMON TO ALL COUNTS

7. At all times material hereto, the Defendant, LOWE'S, owned, managed, and/or leased and/or operated an individual store, located at on or about 6409 Naples Boulevard, in Naples, Collier County, Florida, and acted upon the premises through its employees, agents, and apparent agents.

8. The acts alleged in this Complaint occurred in Collier County, Florida.

## COUNT I – NEGLIGENCE OF LOWE'S

All allegations contained in Paragraphs 1 through 8 above are re-alleged and incorporated herein.

9. On or about November 13, 2010, the Plaintiff, PHYLLIS BOLTON, was lawfully on the Defendant's premises as a customer and/or business invitee.

10. At that time and place, the Defendant, LOWE'S, negligently maintained and/or constructed its property in one or more of the following ways:

    A. by constructing, placing, maintaining or allowing to remain in or

near a pedestrian walkway a pallet and/or crate whose height, shape, location, placement and appearance made it a trip hazard to invitees and in particular to Plaintiff who tripped over it;

   B. by failing to properly designate with paint, signage and/or railings the dangerous, unreasonably hazardous trip hazard;

   C. by failing to properly comply with existing building codes in the construction and/or maintenance of the round concrete column with a square base;

   D. by failing to warn the public, including the Plaintiff, of the dangerous condition;

   E. by failing to correct the dangerous condition;

   F. by failing to have inspection procedures or to adhere to inspection procedures designed to defect and correct trip hazards; and/or,

   G. by committing other negligent acts and/or omissions.

 11. As a result of the above-mentioned dangerous condition caused by one or more of the aforementioned negligent acts or omissions, the Plaintiff, PHYLLIS BOLTON, was caused to trip and fall upon the pallet and/or crate.

 12. The above-described negligent condition was actually known to LOWE'S and/or had existed for a sufficient length of time so that LOWE'S should have known of such condition.

 13. At all times material hereto, the Defendant, LOWE'S, owed a duty to the Plaintiff to maintain the store in a reasonably safe condition for the safety of the Plaintiff and other customers.

 14. The Defendant breached the duty owed to the Plaintiff by failing to maintain store in a safe condition and/or by failing to post warnings notifying the Plaintiff and other customers of the known dangerous condition and/or to remove said condition and/or to take reasonable precautions and/or to implement reasonable modes of business operations to prevent/ameliorate it.

15. The Defendant further breached the duty owed to the Plaintiff by failing to inspect and/or remove the dangerous condition which the Defendant controlled, knew existed, created, should have known existed and/or had knowledge greater than that of the Plaintiff regarding its existence, where Defendant knew or should have known that said condition would present an unreasonable risk of harm to a customer such as Plaintiff.

16. The Defendant further breached the duty owed to the Plaintiff by failing to exercise reasonable care in the maintenance, inspection, repair, warning, or mode of operation of the business premises.

17. As a direct and proximate cause of the Defendant's negligence as aforesaid, the Plaintiff tripped and fell.

18. As a direct and proximate result of Defendant's negligence, Plaintiff, PHYLLIS BOLTON, suffered bodily injury, and resulting pain and suffering, permanent disability and/or permanent impairment, permanent scarring, aggravation of a pre-existing condition, mental anguish, loss of the capacity for the enjoyment of life, inconvenience, the expense of medical care and treatment, and the loss of the ability to earn money in the past and in the future.

19. The losses are continuing and permanent.  The Plaintiff will suffer additional losses in the future.

**WHEREFORE**, the Plaintiff PHYLLIS BOLTON demands judgment for damages as aforesaid against the Defendant, LOWE'S, plus Court costs and further demands a trial by jury of all issues so triable.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues against Defendant.

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that this 2nd day of July, 2012, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system and we also certify that the foregoing document is being served this day either via transmission of Notice of Electronic Filing generated by CD/ECF or in some other authorized manner to those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        COHEN LAW OFFICES, P.A.
        judsoncohen@cohenlawoffices.com
        Counsel for Plaintiff
        SunTrust International Center, Suite 2900
        One Southeast Third Avenue
        Miami, Florida 33131
        Telephone: Dade 305-374-1011
                   Broward 954-962-8088
        Facsimile: 786-693-8517

        By_____/s/ Judson Cohen
                JUDSON L. COHEN
                Fla.Bar No. 948748