**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

PHYLLIS BOLTON,

       Plaintiff,

vs.                                               CASE NO.:   2:12-CV-273-FtM-99SPC

LOWE'S HOME CENTERS, INC.,
a foreign Corporation,

       Defendant.
_____/

## **AGREED ORDER OF PROTECTION**

      It appearing to the Court that the Plaintiff and Defendant are in agreement that, LOWE'S HOME CENTERS, INC., a foreign Corporation, (hereinafter "the Defendant") possesses proprietary policies and procedures, as well as personnel files of present and former employees, that include confidential information that may be subject to discovery in the proceedings in this matter but which should not be made available to the public generally, this court hereby orders that:

      1.      All documents produced or information disclosed and any other documents or records designated as "confidential" by the Defendants shall be revealed only to Plaintiff, counsel of record in this case, paralegals and secretarial employees under counsel's direct supervision, and such persons as are employed by counsel to act as experts in these actions.  The information considered as "confidential" and disclosed only in accord with the terms of this paragraph shall include, without limitation, all of the Defendant's policies and procedures, as well as personnel

records, including disciplinary records, identity, or any other information or documentation supplied by the Defendants in response to Plaintiff's Interrogatories or Requests for Production.

2. Counsel for Plaintiff shall use all documents and information produced or disclosed by the Defendant solely for the purposes of preparation for and trial of this action. Under no circumstances shall information or materials covered by this Protective Order be disclosed to anyone other than Plaintiff's counsel of record in this action, paralegals, secretarial employees under counsel's direct supervision, and such persons employed to act as experts in these actions. At the conclusion of the proceedings in these actions, all documents and information subject to this Order, including any copies or extracts or summaries thereof, or documents containing information taken therefrom, shall be returned to counsel for the Defendants.

3. Prior to disclosure of any documents designated as "confidential" to paralegals or secretarial employees of counsel or Plaintiff, counsel for Plaintiff shall require such employees to read this Protective Order and agree to be bound by its terms.

4. If counsel for Plaintiff determines that for purposes of this action, documents or information produced by the Defendants and designated as "confidential" must be revealed to a person employed to act as an expert in this action, then counsel may reveal the designated documents or information to such person, after first complying with the following:

(a) Counsel for the Plaintiff shall have the expert read this Order and shall explain the contents thereof to such expert.

(b) Counsel for the Plaintiff shall require such expert to sign a copy of this protective order that states: "I have read and understood the terms of this protective order. I further agree to be bound by its terms." Nothing in this paragraph shall be deemed to enlarge the right of Defendants to conduct discovery of any of

Plaintiff's experts, except solely with respect to the ability of such expert to protect confidential information and documents from re-disclosure.

5. Any pleading or other document disclosing information subject to this Order, which may be submitted to the Court, whether in the form of interrogatory answers, document production, deposition notices or transcripts, motions, affidavits, briefs or other documents, shall be filed in a sealed envelope appropriately marked as confidential and subject to protective order. The Clerks are directed to maintain such documents under seal, to be made available only to the Court and to counsel in this proceeding.

6. This Order is subject to revocation and modification by Order of the Court upon written stipulation of the parties, or upon motion and reasonable notice, including opportunity for hearing and presentation of evidence.

**DONE AND ORDERED** at Fort Myers, Florida, this 30th day of October, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record